UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ION BAROI, et al., | ) | |
| Plaintiffs, | ) | 2:09-CV-00671-PMP-GWF |
| v. | ) | |
| PLATINUM CONDOMINIUM DEVELOPMENT, LLC; MARCUS HOTELS, INC.; and MARCUS MANAGEMENT LAS VEGAS, LLC, | ) | ORDER |
| Defendants. | ) | |

Presently before the Court is Defendants' Motion for Partial Summary Judgment on Count 14 (Doc. #165), filed on December 23, 2011. Plaintiffs filed an Opposition (Doc. #193) on February 8, 2012. Defendants filed a Reply (Doc. #216) on February 29, 2012. Defendants filed a Notice of Supplemental Authority (Doc. #221) on April 17, 2012. Plaintiffs filed a Response (Doc. #223) on May 4, 2012.

This case arises out of Plaintiffs' purchases of condominium units in Defendant Platinum Condominium Development, LLC's ("Platinum Development") condo/hotel project, the Platinum, located in Las Vegas, Nevada. The Platinum hotel was run by Defendant Marcus Management Las Vegas, LLC ("Marcus Management"). Plaintiffs brought suit in Nevada state court in March 2009, and Platinum Development removed the action to this Court. (Pet. for Removal (Doc. #1).)

Among the various claims Plaintiffs assert against Defendants are violations of the Interstate Land Sales Full Disclosure Act ("ILSA") (count 14). (Third Am. Compl. (Doc. #89).) Specifically, Plaintiffs allege Defendants violated 15 U.S.C. § 1703(a)(1)(A)-(D), which generally require a seller involved in a real estate sale covered by ILSA to make certain disclosures to purchasers. (Id. at 39-40.) Plaintiffs also allege Defendants violated 15 U.S.C. § 1703(a)(2)(A)-(C), which prohibit the seller from engaging in fraud in relation to ILSA-covered real estate sales. (Id. at 40.) Plaintiffs seek damages and rescission of the Purchase Agreements. (Id. at 45.)

The Court set forth the factual background in this matter in a separate order filed this date. The Court will not repeat the facts here except where necessary to resolve the present motions.

Defendants move for summary judgment on Plaintiffs' ILSA claims in count 14. First, Defendants argue ILSA does not apply to Defendants' sales of units at the Platinum because the Platinum falls within an exception to ILSA's coverage where the seller is contractually obligated to complete construction within two years. Second, Defendants contend the applicable statute of limitations bars Plaintiffs' claims under § 1703(a)(1) and for rescission. Plaintiffs respond that the exception to ILSA coverage does not apply because the two-year obligation in the Purchase Agreements is illusory. Plaintiffs concede some of their claims are time-barred, but contend their fraud-based ILSA claims and the rescission remedy are not time-barred.

## I. LEGAL STANDARD

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An

issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id. The Court views all evidence in the light most favorable to the non-moving party. Id.

**II. DISCUSSION**

ILSA is aimed at preventing fraud in interstate land transactions. De Luz Ranchos Inv., Ltd. v. Coldwell Banker & Co., 608 F.2d 1297, 1302 (9th Cir. 1979). ILSA pursues this goal by requiring persons engaged in certain interstate land sales to make a variety of disclosures. 15 U.S.C. § 1703(a)(1). It also prohibits those persons from engaging in fraud in relation to such land sales. Id. § 1703(a)(2). Specifically as it relates to the present lawsuit, ILSA makes it unlawful for a seller to use interstate transportation, communication in interstate commerce, or the mails–

> (1) with respect to the sale or lease of any lot not exempt under section 1702 of this title--
>     (A) to sell or lease any lot unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title;
>     (B) to sell or lease any lot unless a printed property report, meeting the requirements of section 1707 of this title, has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee;
>     (C) to sell or lease any lot where any part of the statement of record or the property report contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein pursuant to sections 1704 through 1707 of this title or any regulations thereunder; or
>     (D) to display or deliver to prospective purchasers or lessees advertising and promotional material which is inconsistent with information required to be disclosed in the property report; or
> (2) with respect to the sale or lease, or offer to sell or lease, any lot not

>
> exempt under section 1702(a) of this title--
> (A) to employ any device, scheme, or artifice to defraud;
> (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision; [or]
> (C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser . . . .

Id. § 1703(a). ILSA provides a private right of action against a seller who violates these provisions. Id. § 1709(a).

ILSA does not apply to "the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years." Id. § 1702(a)(2). To determine whether the contract obligates the seller to erect the building within two years, and thus exempts the seller from ILSA's requirements, the Court evaluates the contract's language in light of both federal and state law. Stein v. Paradigm Mirasol, LLC, 586 F.3d 849, 854 (11th Cir. 2009). First, the Court interprets ILSA under federal law because ILSA is a federal statute. Id. Under federal law, a contract "obligates" completion within two years when it "imposes a legal duty on the developer to perform his promise to construct the condominium or other building within two years." Id. "A legal duty, contractual or otherwise, is one that the law will require a party to perform, or to pay for not performing, by bringing to bear public force." Id. at 855.

The Court looks to state law to determine whether the contractual obligation is one which the relevant state law will require the seller to perform. Id. at 854. If state law will compel performance through remedies such as specific performance or rescission plus reimbursement and actual damages, then the contract obligates completion within two years. Id. at 855 ("Specific performance or injunctive relief, if vigorously pursued,

4

1  ordinarily will be enough to force a seller to fulfill its contractual obligations within the
2  time a contract requires.").

3  Additionally, the contractual duty must be one that does not render illusory the
4  promise to erect the building within two years. Id. at 857-58. A contractual promise to
5  build within two years may be illusory if the contract provides a mechanism for the seller to
6  evade the requirement for reasons that are within the seller's discretion or control. Id.
7  However, that does not mean the seller's obligation to meet the two-year deadline must be
8  "unconditional." Atteberry v. Maumelle Co., 60 F.3d 415, 420 (8th Cir. 1995). For
9  example, a force majeure clause in a contract does not render the two-year completion
10 promise illusory so long as the events triggering the clause are beyond the developer's
11 control. Stein, 586 F.3d at 857-58. Additionally, the contractual force majeure clause may
12 be broader than the state's law regarding the defense of impossibility, so long as the state
13 would enforce such a force majeure clause as a matter of contract law. Id. Consequently,
14 even if a contract "excuses delays beyond the seller's control, it is still one 'obligating' [the
15 seller] to complete construction of the condominium within two years for purposes of
16 § 1702(a)(2)." Id. at 858.

17 Nevada will enforce contractual obligations through the remedy of specific
18 performance where appropriate, particularly in real estate transactions because real property
19 is "unique," and damages therefore may be an inadequate remedy. Stoltz v. Grimm, 689
20 P.2d 927, 930 (Nev. 1984). Additionally, Nevada will enforce contractual provisions
21 excusing performance that are broader than the common law defense of impossibility so
22 long as the "contingency is provided for in the contract." Nebaco, Inc. v. Riverview Realty
23 Co., 482 P.2d 305, 307 (Nev. 1971).
24 ///
25 ///
26 ///

Here, Defendants entered into the first Purchase Agreements for sale of units at the Platinum in March 2004.[1] (Defs.' Opp'n to Pls.' Mot. Summ. J. (Doc. #152), App. A.) Section 9 of the Purchase Agreements sets forth the contractual duty to perform within two years:

> SECTION 9-CLOSING AND OCCUPANCY: At Seller's office or the office of the Title Insurer within 30 days after Seller gives Buyer notice of the substantial completion of the Unit, but not later than December 31, 2005, with the specific date and at a time to be determined by Seller (the "Closing Date") (or at such other date, time and place as the parties mutually agree). The Closing Date may be extended by Seller in accordance with Section 18 hereof.

(Pls.' MSJ, Ex. 2.) Section 18, in turn, is a force majeure clause which states:

> SECTION 18-CONSTRUCTION DELAYS: The parties acknowledge that the Unit will be part of a newly-constructed condominium project. If Seller is delayed in the construction of the Unit for reasons beyond the control of Seller, then the time for performance of Seller's obligations shall be extended for the period of such delay. Reasons beyond the control of Seller shall include, by way of illustration, acts of God, fire, earthquake, flood, explosion, acts of governmental agencies or delays in construction resulting from labor disputes, shortages of construction materials, weather or unexpected adverse soil or other site conditions.

(Id.)

Section 5 provides that five days prior to Closing, the buyer and a representative of Defendants will inspect the unit, "during which inspection the parties shall agree in writing upon which items, if any, respecting the Unit are incomplete or require some corrective action." (Id.) Defendants then must complete or repair the identified items, referred to as "Punch List Items," "as expeditiously as possible." (Id.) However, Defendants' "failure . . . to complete all Punch List Items by the date of Closing shall not

---

[1] Plaintiffs concede that four unit purchases are not covered by ILSA under the first clause of § 1702(a)(2) because Plaintiffs purchased those units after the Platinum was constructed. 15 U.S.C. § 1702(a)(2) (exempting from ILSA's coverage "the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building . . . ."); (Pls.' Opp'n to Mot. of Defs. for Partial Summ. J. (Doc. #193) at 9 n.3.).

result in a delay of the Closing . . . unless the nature of the incomplete Punch List Items is such that the Unit is not substantially complete by the date scheduled for Closing, in which case the Closing shall be delayed until such time as the Unit is substantially complete." (Id.) Pursuant to Section 5, a unit is substantially complete "when it may be legally occupied as a hotel rental unit." (Id.)

Defendants contend that Section 18 does not render the two-year completion promise illusory because it permits extensions only for circumstances beyond Defendants' control. Plaintiffs respond that Section 18 makes the two-year completion promise illusory because the contract allows for delays beyond what Nevada law would permit under a common law impossibility defense. Additionally, Plaintiffs contend some of the acts within the section are within Defendants' control, such as labor disruptions, fires, or explosions. Plaintiffs also argue Section 5 renders the promise to perform within two years illusory because it permits a delay of closing until the unit is complete, and it remained within Defendants' discretion and control as to when to complete a unit.

Defendants reply that a force majeure clause such as Section 18 may be broader than the state's common law impossibility defense so long as the clause permits delays due only to events beyond Defendants' control. As to Section 5, Defendants contend it permits a delay in closing, but any such delay may not exceed the December 31, 2005, date in Section 9. Defendants also argue Section 5 requires the parties to agree on the Punch List Items, and therefore it is not solely within Defendants' control to delay closing based on Section 5. Finally, Defendants argue that whether a unit is substantially complete is measured by an objective standard under the contract as a unit which can be legally occupied as a hotel room. Defendants thus contend the timing of closing was not within their discretion or control.

Section 5 does not render Defendants' obligation to perform within two years illusory. Nothing in Section 5 suggests that Defendants may extend the Closing Date

beyond the December 31, 2005, date in Section 9.  Section 9 indicates that the only contractual means by which Defendants could extend the Closing Date beyond December 31, 2005, was through Section 18, not Section 5.

Section 18 also does not render the two-year completion promise illusory. Section 18 permits extension of Defendants' performance only for "reasons beyond the control of Seller."  (Pls.' MSJ, Ex. 2.)  Section 18 then gives examples of reasons beyond Defendants' control.  While theoretically a fire, explosion, or labor dispute could be within Defendants' control, the contract does not allow an extension of the time of performance unless the reason is beyond Defendants' control.  Thus, to the extent any fire, explosion, or labor dispute was within Defendants' control, Section 18 would not excuse a delay in performance.

The fact that an impossibility defense under Nevada common law may be narrower than Section 18 does not render the promise illusory because to the extent Defendants missed the two-year deadline for a reason not within their control, Plaintiffs could have exercised their rights under Section 17 of the Purchase Agreements and Nevada breach of contract law to pursue "all applicable legal and equitable remedies, including, without limitation, specific performance."  (Id.)  The force of Nevada contract law and the availability of specific performance as a remedy are sufficient to compel Defendants' performance such that they were obligated to perform within two years within the meaning of § 1702(a)(2).

The Court therefore will grant Defendants' Motion for Partial Summary Judgment on Count 14 because ILSA does not apply to Plaintiffs' purchases of units at the Platinum.  Because ILSA does not apply, the Court need not address the parties' arguments regarding whether Plaintiffs' ILSA claims are time-barred.

///

///

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment on Count 14 (Doc. #165) is hereby GRANTED.

DATED: July 10, 2012

_____
PHILIP M. PRO
United States District Judge