UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ION BAROI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:09-CV-00671-PMP-GWF |
| | ) | |
| v. | ) | |
| | ) | |
| PLATINUM CONDOMINIUM DEVELOPMENT, LLC; MARCUS HOTELS, INC.; and MARCUS MANAGEMENT LAS VEGAS, LLC, | ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

Presently before the Court is Defendants' Motion for Partial Summary Judgment on Count 13 (Doc. #167), filed on December 23, 2011. Plaintiffs filed an Opposition (Doc. #194) on February 8, 2012. Defendants filed a Reply (Doc. #218) on February 29, 2012.

This case arises out of Plaintiffs' purchases of condominium units in Defendant Platinum Condominium Development, LLC's ("Platinum Development") condo/hotel project, the Platinum, located in Las Vegas, Nevada. The Platinum hotel was run by Defendant Marcus Management Las Vegas, LLC ("Marcus Management"). Plaintiffs brought suit in Nevada state court in March 2009, and Platinum Development removed the action to this Court. (Pet. for Removal (Doc. #1).)

The Court set forth the factual background in this matter in a separate order filed this date. The Court will not repeat the facts here except where necessary to resolve the present motion.

Among Plaintiffs' various claims is that Defendant Marcus Management breached the Rental Agreements by (1) "failing to properly rotate Units . . . for rental," (2) "improperly calculating rental amounts due to Plaintiffs," (3) "withholding payment of Rental Amounts payable to Plaintiffs," (4) failing to pay Plaintiffs their half of rental income; and (5) failing to "properly promote and market Platinum as a 'high-end' property" (count 13). (Third Am. Compl. (Doc. #89) at 38-39.) Defendants move for summary judgment on count 13, arguing Marcus Management had no obligation under the Rental Agreements to ensure equal income for unit owners. Defendants also contend Marcus Management accurately calculated all fees and rental income. Defendants further argue Marcus Management had no obligation under the Rental Agreements to market the Platinum as a high end or luxury hotel. Finally, Defendants contend Plaintiffs have presented no evidence of damages in relation to count 13.

Plaintiffs respond that Defendants made oral promises of equal income under the rental rotation program. Plaintiffs assert that Marcus Management breached this obligation, as demonstrated by large variances in rental income among units within the same category type. Plaintiffs contend that because Marcus Management failed to equally rotate rentals among the units, Marcus Management improperly calculated fees and income. As to marketing, Plaintiffs argue that the marketing materials, oral representations by sales agents, and the Rental Agreements impose an obligation on Marcus Management to promote the Platinum as a luxury hotel. Finally, Plaintiffs contend they have met their burden of establishing damages, and damages are a question of fact for the jury.

**I. DISCUSSION**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the

governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  Initially, the moving party bears the burden of proving there is no genuine issue of material fact.  Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial.  Id.  The Court views all evidence in the light most favorable to the non-moving party.  Id.

"A plaintiff in a breach of contract action must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach."  Brown v. Kinross Gold U.S.A., Inc., 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008) (quotation omitted); see also Calloway v. City of Reno, 993 P.2d 1259, 1263 (Nev. 2000), superceded on other grounds by statute as recognized in Olson v. Richard, 89 P.3d 31, 33 (Nev. 2004).  "The party seeking damages has the burden of proving the fact that he was damaged and the amount thereof."  Gibellini v. Klindt, 885 P.2d 540, 543 (Nev. 1994).  To meet this burden, the plaintiff must provide an evidentiary basis from which a fact finder could determine a reasonably accurate amount of damages.  Mort Wallin of Lake Tahoe, Inc. v. Commercial Cabinet Co., 784 P.2d 954, 955 (Nev. 1989).  Although a plaintiff need not establish the amount of damages "with mathematical certainty, testimony on the amount may not be speculative."  Clark Cty. Sch. Dist. v. Richardson Constr., Inc., 168 P.3d 87, 97 (Nev. 2007).

Plaintiffs have not identified any evidence raising an issue of fact as to damages arising from Marcus Management's purported breach of the Rental Agreements.  In their Motion, Defendants presented evidence that Plaintiffs have not adduced any evidence of damages in relation to this claim.  Plaintiffs' expert did not make a damages calculation and Plaintiffs presented no evidence of damages from breach of the Rental Agreements in

response to Defendants' interrogatories on the subject.  (Defs.' Mot. Summ. J. on Count Thirteen (Doc. #167) at 12, 15 & Exs. 202, 208.)

The sum total of Plaintiffs' response to Defendants' argument regarding damages is as follows:

> Plaintiffs have met their burden to show that they have suffered damages, and any quantification of a damage award is a question of fact for the jury, and is not a matter upon which summary judgment can be had.

(Pls.' Opp'n to Defs.' Mot. Summ. J. on Count Thirteen (Doc. #194) at 3.)  Plaintiffs cite no law in support of their argument and point to no admissible evidence raising an issue of fact as to any amount of damages in relation to this claim.  Although a plaintiff need not establish the amount of damages with mathematical certainty, Plaintiffs have pointed to no evidence in the record from which a fact finder properly could determine a reasonably accurate, non-speculative amount of damages with respect to count 13.  The Court therefore will grant Defendants' Motion as to count 13.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment on Count 13 (Doc. #167) is hereby GRANTED.

DATED:  July 10, 2012

_____
PHILIP M. PRO
United States District Judge

4